UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WENDY JOHNSON,

      Plaintiff,

v.                                    Case No. 8:08-cv-1279-T-24-TGW

JOHN E. POTTER, Postmaster General,
UNITED STATES POSTAL SERVICE,

      Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Judgment on the Pleadings and/or to Strike Defendant's New Affirmative Defense. (Doc. No. 69). Defendant opposes this motion. (Doc. No. 73).

**I.    Background**

This case is set for trial on Monday, September 13, 2010. On August 17, 2010 after the Pretrial Conference, this Court entered a Pretrial Order allowing Plaintiff to file a Second Amended Complaint by August 19, 2010 and allowing Defendant to file a Second Amended Answer by August 25, 2010. (Doc. No. 65). The Court permitted Plaintiff to file a Second Amended Complaint to include additional incidents of alleged discrimination and retaliation which were not specified in the original complaint, but which the parties were aware of because Plaintiff raised them in her EEO filings and engaged in discovery concerning them throughout this case. The Court did not permit Plaintiff to amend her complaint to add new substantive claims or assert new legal theories.

Plaintiff followed the Court's instructions and submitted a Second Amended Complaint

that replaced Count I with two separate counts. Count I from Plaintiff's First Amended Complaint alleged "Discrimination in Violation of Title VII." (Doc. No. 10). Count I and II in Plaintiff's Second Amended Complaint allege "Disparate Denial of Extra Hours and Additional Pay in Violation of Title VII" and "Discriminatory Denial of Opportunity to Become Full-Time in Violation of Title VII" respectively. The Court finds that Plaintiff clarified her original Count I by making it more specific with two counts. The facts alleged as to both Counts I and II are not new instances of alleged discrimination since they were litigated by the parties and considered by this Court when ruling on Defendant's Motion for Summary Judgment. In the Summary Judgment Order, the Court addressed Plaintiff's alleged discriminatory denial of extra hours and alleged discriminatory denial of opportunity to become full-time. (Doc. No. 61 at 19, 21). In sum, Plaintiff did not add new substantive claims or assert new legal theories in her Second Amended Complaint.

Defendant responded to Plaintiff's Second Amended Complaint in a timely fashion but asserted a new, substantive affirmative defense: the "same decision" defense. Plaintiff filed the instant motion to strike this new affirmative defense.

**II.     Standard of Review**

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Because of the liberal policy allowing amendments embodied in Rule 15(a), "a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith or undue delay on the part of the moving party; or (3) the amendment would be futile." Taylor v. Florida State Fair Authority, 875 F. Supp. 812, 814 (M.D. Fla. 1995)(citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

**III.     Analysis**

The "same decision" defense allows an employer in a Title VII case to defend against employment discrimination by proving that the employer would have taken the same action regardless of an impermissible discriminatory motive. In the context of a Title VII race discrimination case, this defense has been limited pursuant to 42 U.S.C. § 2000e-5(g)(2)(B). Therefore, if the employer can prove that it would have taken the same action regardless of a discriminatory motive, the plaintiff is entitled to limited relief under the statute. In the context of a Title VII retaliation case, the same decision defense remains a complete defense to liability. See Pennington v. City of Huntsville, 261 F.3d 1262, 1269 (11th Cir. 2001). In sum, the "same decision" defense is a substantive legal theory. Therefore, the Court finds the "same decision" defense is not futile.

The Court has the authority to deny leave to amend a pleading "when (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith or undue delay on the part of the moving party; or (3) the amendment would be futile." Taylor, 875 F. Supp. at 814. In the instant case, the Court finds that Defendant unduly delayed in raising the "same decision" defense. There appears to be no reason Defendant waited until after the Pretrial Conference and three weeks before trial (when the case has been pending for over two years) to raise it. Although the Court allowed the parties to file amended pleadings after the Pretrial Conference, the parties were directed to address only additional incidents of alleged discrimination and retaliation that had already been considered during discovery. The amended pleadings were not to introduce new legal claims or defenses on the eve of trial.

The assertion of a new, substantive affirmative defense at this point in the litigation is

untimely. The Defendant has presented no reason why it could not have been raised earlier, and Plaintiff claims that the undue delay has prejudiced her. Accordingly, it is **ORDERED AND ADJUDGED** that the Plaintiff's Motion to Strike Defendant's New Affirmative Defense is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of September 2010

*signature*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record