UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WENDY JOHNSON,

    Plaintiff,

v.                                                Case No. 8:08-cv-1279-T-24 TGW

JOHN E. POTTER,
POST MASTER GENERAL,
UNITED STATES POSTAL SERVICE

    Defendant.

_____/

**ORDER**

    This cause comes before the Court on Plaintiff Wendy Johnson's Motion for Attorneys' Fees (Doc. 110), Supplemental Motion for Attorneys' Fees (Doc. 112), and Second Supplemental Motion for Attorneys' Fees (Doc. 115). Defendant John E. Potter, Post Master General of the United States Postal Service, has filed a response in opposition to these motions. (Doc. 119).

**I.    Background**

    On July 10, 2009, Plaintiff filed an Amended Complaint against Defendant alleging race discrimination in violation of Title VII (Count I); retaliation in violation of Title VII (Count II); and violation of the Family Medical Leave Act ("FMLA") (Count III). (Doc. 10). On April 26, 2010, Defendant filed a motion for summary judgment, which Plaintiff opposed. (Doc. 31 & 45). On August 10, 2010, the Court granted in part and denied in part Defendant's motion for summary judgment. (Doc. 61). As to Count I, the Court dismissed Plaintiff's hostile workplace claim but permitted Plaintiff to go forward with her claim of disparate treatment regarding

Defendant's denial of extra hours and failure to promote Plaintiff to a full-time rural letter carrier. *Id.* at 17-22. As to Count II, the Court denied summary judgment. *Id.* at 29. As to Count III, the Court granted summary judgment and dismissed Plaintiff's FMLA claim. *Id.* at 30.

This case proceeded to trial during the week of September 13, 2010. On September 17, 2010, the Jury returned a verdict in Defendant's favor on Count I (the race discrimination claim) and in Plaintiff's favor on Count II (the retaliation claim). (Doc. 103). The Jury awarded Plaintiff $50,000 in compensatory damages and $12,600 in lost wages based on the retaliation claim. *Id.*

Plaintiff timely filed her petition for fees on October 1, 2010, requesting attorneys' fees in the amount of $387,121.00. (Doc. 110). Thereafter, Plaintiff filed a supplemental application for fees, seeking $12,750.00 for work performed in connection with her fee petition. (Doc. 112). Finally, on October 15, 2010, Plaintiff filed a second supplemental application for fees, seeking $2,712.50 for work performed by Plaintiff's fee expert and for work performed in connection with the supplemental applications for fees. (Doc. 115). In total, Plaintiff seeks $402,583.50 in attorneys' fees. *Id.* Defendant does not dispute that Plaintiff is entitled to attorneys' fees but does dispute the amount of fees that should be awarded to Plaintiff. (Doc. 119).

**II.     Discussion**

     A.     <u>Legal Framework</u>

"In any action or proceeding under [Title VII] the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs . . . and the United States shall be liable for costs the same as a private person." 42 U.S.C. § 2000e-

5(k).  A plaintiff is considered a prevailing party if she "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Avila v. Coca-Cola Co.*, 849 F.2d 511, 514 n.3 (11th Cir. 1988) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  An applicant may meet this burden by setting forth direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates. *Id.* at 1299.  In addition, the Court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services. *Id.* at 1303.

The starting point in determining reasonable attorneys' fees is the lodestar, which is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *see also Norman*, 836 F.2d at 1299.  A reasonable hourly rate is based upon "'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (quoting *Norman*, 836 F.2d at 1299).  In calculating what hours were reasonably expended on litigation, the Court should exclude excessive, unnecessary and redundant hours, and also exclude the time spent litigating "discrete and unsuccessful claims." *Duckworth*, 97 F.3d at 1397.

"After the lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended, the court must next consider the necessity of an adjustment for results obtained." *Norman*, 836 F.2d at 1302.  In adjusting the lodestar, the Court should

consider the "*Johnson*" factors.[1] *See Norman*, 836 F.2d at 1299. Because the Court finds that Plaintiff is the prevailing party in this case, the remainder of this Order will address the reasonableness of Plaintiff's attorneys' hourly rates, the reasonableness of the amount of hours Plaintiff's attorneys spent on litigation, the calculation of the lodestar, and the proper adjustment of the lodestar.

      B.     <u>Reasonable Hourly Rate</u>

In Plaintiff's motions for attorneys' fees, she seeks the following hourly rates for the attorneys who worked on the case: Constantine Papas – $300.00/hour for 369.50 hours; Jennifer Zumarraga – $250.00/hour for 805.20 hours; Cynthia Sass – $350.00/hour for 16.40 hours; Kendra Presswood – $300.00/hour for 76.60 hours; James Jones – $250.00/hour for 7.90 hours; and Yvette Daniels – $150.00/hour for 18.40 hours. Additionally, Plaintiff seeks the following hourly rates for the paralegals who worked on the case: Jana Olney[2] – $115.00/hour for 360.70 hours; Elaine Glotz – $90.00/hour for 23.30 hours; and Candy Stead – $90.00/hour for 39 hours. Finally, Plaintiff seeks $130.00 per hour for law clerks Brian Gilbert (41.60 hours) and Kristen Hersemann (5.10 hours) who also worked on the case. (Docs. 110, 112, 115). Plaintiff offers the declarations of two Tampa employment law attorneys, Robert McKee and Ignacio Garcia, to

---

[1] In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), the court set forth twelve factors to be considered in determining the reasonableness of attorneys' fees: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717-19.

[2] Olney is a certified paralegal.

justify the hourly rates charged by Plaintiff's attorneys.[3] (Doc. 110, Exhs. B & C).

According to Plaintiff's billing record, (Doc. 110, Exh. A), attorneys Papas and Zumarraga spent the vast majority of time on the case.[4] In Defendant's response to Plaintiff's motions for attorneys' fees, Defendant's only hourly rate objection is to that of Zumarraga. Defendant argues that Zumarraga's requested rate of $250.00 is too high and that she should be compensated at a rate no greater than $200.00. Defendant offers the declaration of a Tampa employment law attorney, Thomas Gonzalez, to justify the argument that Ms. Zumarraga should receive an hourly rate of $200.00. (Doc. 119, Exh. 1). Gonzalez states that the instant case involved neither novel or complex legal or factual issues, and therefore, it was unnecessary to have two attorneys charging $300.00 and $250.00 per hour working on the bulk of the case. Additionally, Gonzalez states that the hourly rate of $250.00 sought for Zumarraga is higher than normal for an attorney of her experience in this jurisdiction. He reasons that although her resume describes an impressive academic career, it does not include extensive litigation experience, and thus, her appropriate hourly rate is $200.00.

The Court may use its discretion and expertise to determine the appropriate hourly rate. *See Scelta v. Delicatessen Support Services*, 203 F. Supp. 2d, 1328, 1331 (M.D. Fla. 2002). Based on careful consideration of the parties' arguments and expert declarations, the complexity of the case, and the Court's own expertise and judgment, the Court finds that Zumarraga is

---

[3]Plaintiff has also provided the Court with the declaration of Cynthia Sass, the sole shareholder of the firm that represented Plaintiff, to support Plaintiff's motions for attorneys' fees. (Doc. 110, Exh. A; Doc. 116).

[4]Pappas has practiced labor and employment law for 22 years, and Zumarraga has practiced law for 10 years. (Doc. 110, Exh. A).

5

entitled to an hourly rate of $200.00. The Court finds that this rate is supported by case law from this district. *See Fielder v. Shinseki*, 2010 WL 1708621 (M.D. Fla. April 26, 2010); *Steffen v. Akerman Senterfitt*, 2007 WL 1601750 (M.D. Fla. June 1, 2007). Additionally, the Court finds that the hourly rates of Plaintiff's remaining attorneys, paralegals, and law clerks are reasonable.

    C.    <u>Hours Reasonably Expended</u>

Plaintiff moves the Court to award attorneys' fees for the following hours expended: 153.80 hours pursuing Plaintiff's charges during the EEO administrative proceedings (consisting of 94.40 attorney hours, 12.70 paralegal hours, and 46.70 law clerk hours); 1,597 hours pursuing Plaintiff's claims during litigation (consisting of 1,145 attorney hours, 402.40 certified paralegal hours,[5] and 49.60 paralegal/legal assistant hours); and 54.60 attorney hours preparing the instant attorneys' fees motions. (Docs. 110, 112, 115). Plaintiff also seeks compensation for 4.75 hours of expert services provided by fee expert McKee, who charges an hourly rate of $350.00. (Doc. 115).

Defendant objects to the inclusion of Plaintiff's proposed hours for attorneys Sass, Presswood, Jones, and Daniels and paralegals Stead and Glotz, arguing that the case was overstaffed.[6] In calculating what hours were reasonably expended on litigation, the Court

---

[5] In preparation for their response to the motion for summary judgment, Pappas and Zumarraga summarized some of the depositions. Because such work is more in line with paralegal work, their time was billed at the certified paralegal rate of $115.00 per hour. Thus, 41.70 of the 402.40 hours billed for certified paralegal work was actually completed by attorneys.

[6] As stated above, Plaintiff's attorneys billed the following hours for this case: Papas – 369.50 hours; Zumarraga – 805.20 hours; Sass – 16.40 hours; Presswood – 76.60 hours; Jones – 7.90 hours; and Daniels – 18.40 hours. Plaintiff's paralegals billed the following hours: Olney – 360.70 hours; Glotz – 23.30 hours; and Stead – 39 hours.

should exclude excessive, unnecessary and redundant hours. *See Duckworth*, 97 F.3d at 1397; *Norman*, 836 F.2d at 1301-02. Plaintiff argues that the fact that multiple attorneys worked on her case should not result in a reduction of fees.

Upon consideration of the parties' arguments, Plaintiff's billing record, and the relevant case law, the Court agrees with Defendant in that the case was overstaffed. This case did not involve complex factual or legal issues, and therefore the expertise of two experienced lawyers, Papas and Zumaragga, was sufficient to try this case. The Court finds that Plaintiff is not entitled to the hours expended by attorney Sass billing at $350 per hour, attorney Presswood billing at $300 per hour, and attorney Jones billing at $250 per hour. It was unnecessary and excessive for three additional experienced attorneys to spend time on this case. However, the Court finds that Plaintiff is entitled to the hours expended by attorneys Papas, Zumaragga, and Daniels,[7] paralegals Olney, Stead, and Glotz, law clerks Hersemann and Gilbert, and fee expert McKee.

    D.    <u>Calculation of the Lodestar</u>

The lodestar is calculated "by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). Accordingly, Plaintiff's attorneys' fees are calculated as follows:

---

[7]Daniels is a relatively new attorney who spent only 18.40 hours on the case at a rate of $150 per hour. The Court finds the hours expended by Daniels to be reasonable.

**Attorneys:**

Pappas:          369.50 hours x $300/hour = $110,850

Zumarraga:     805.20 hours x $200/hour = $161,040

Daniels:          18.40 hours x $150/hour = $2,760

*Attorney Fee Total = $274,650*

**Paralegals:**

Olney:           360.70 hours x $115/hour = $41,480.50

Papas:           18.20 hours x $115/hour = $2,093[8]

Zumaragga:   23.50 hours x $115/hour = $2,702.50[9]

Stead:                   39.00 hours x $90/hour = $3,510

Glotz:           23.30 hours x $90/hour = $2,097

*Paralegal Fee Total = $51,883*

**Law Clerks:**

Gilbert:         41.60 hours x $130/hour = $5,408

Hersemann:   5.10 hours x $130/hour = $663

*Law Clerk Fee Total = $6,071*

**Fee Expert:**

McKee:         4.75 hours x $350/hour = *$1,662.50*

**Lodestar Calculation:**

| | |
|---|---|
| Attorney Fee Total: | $274,650 |
| Paralegal Fee Total: | $51,883 |
| Law Clerk Fee Total: | $6,071 |
| Fee Expert Total: | $1,662.50 |
| **LODESTAR:** | **$334,266.50** |

---

[8] This figure represents the time spent by attorney Papas summarizing depositions, which Plaintiff properly calculated as paralegal work at $115 per hour.

[9] This figure represents the time spent by attorney Zumaragga summarizing depositions, which Plaintiff properly calculated as paralegal work at $115 per hour.

E.     Reduction of the Lodestar

Plaintiff argues that she is entitled to attorneys' fees for the full time spent on her claims of discrimination and retaliation, and that her attorneys' hours should not be reduced "merely because Plaintiff did not prevail on her claims of discrimination." (Doc. 110 at 9). Plaintiff reasons that her failed discrimination claim involves the same common nucleus of operative fact with the retaliation claim upon which she prevailed, and thus, the work performed on the two claims cannot be distinguished.[10] *Id.*

Defendant concedes that the discrimination and retaliation claims involve the same common nucleus of facts and that it would be difficult to divide the hours expended on a claim-by-claim basis. (Doc. 119 at 7). However, Defendant argues that in such a case where the hours expended are difficult to parse out and where a plaintiff has achieved only partial or limited success, the Court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435. Defendant argues that due to the fact that Plaintiff succeeded on only one of her two claims at trial, the lodestar should be reduced by 45%. (Doc. 119 at 10).

In this case, Plaintiff prevailed on her retaliation claim but lost on her discrimination claim at trial. In *Norman*, the Eleventh Circuit held that if a plaintiff's case resulted in partial or limited success, the lodestar must be reduced to an amount that is not excessive. *Norman,* 836 F.2d at 1302. The *Norman* court also held that in reducing the lodestar, "the court may attempt to identify specific hours spent in unsuccessful claims or it may simply reduce the award by

---

[10]According to Plaintiff's motions for attorneys' fees and the submitted billing records, Plaintiff is not requesting attorneys' fees for the hours expended on Plaintiff's FLMA claim. (Doc. 110 at 10).

9

some proportion." *Id.* After careful review of the billing records, the Court has determined that it is all but impossible to segregate out hours spent on the unsuccessful discrimination claim, and therefore, it is necessary to consider a percentage reduction in hours based on the overall success of the litigation.

Upon consideration of the overall relief that Plaintiff obtained at trial in relation to the hours reasonably expended on litigation and upon consideration of the *Johnson* factors, *supra* at footnote one, the Court concludes that a percentage reduction of 45% in the fees awarded to Plaintiff represents a fair and reasonable adjustment of the lodestar in this case. *See St. Fleur v. City of Fort Lauderdale*, 149 Fed. Appx. 849, 854 (11th Cir. 2005) (affirming district court's reduction of the plaintiff's attorneys' hours by 30% where the plaintiff prevailed on his discrimination claim under Title VII but lost on his discrimination claim under §1983). Therefore, the Court awards Plaintiff $183,846.58 in attorneys' fees.[11]

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Attorneys' Fees (Doc. 110), Supplemental Motion for Attorneys' Fees (Doc. 112), and Second Supplemental Motion for Attorneys' Fees (Doc. 115) are GRANTED to the extent that Plaintiff is awarded to $183,846.58 in attorneys' fees from Defendant.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of February, 2011.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

---

[11] This figure is calculated by taking the lodestar of $334,266.50 and reducing it by 45%.